**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4361**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

WILBERT SAMPSON,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:10-cr-00775-RDB-7)

———————————

Submitted:  February 27, 2013      Decided:  March 14, 2013

———————————

Before KING, GREGORY, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Allen H. Orenberg, THE ORENBERG LAW FIRM, P.C., North Bethesda, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Ayn B. Ducao, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilbert Sampson was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841, 846 (2006). He appeals, contending that the Government did not present sufficient evidence of his involvement in a conspiracy to support his conviction. Finding no error, we affirm.

This Court reviews de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). This Court reviews the sufficiency of the evidence supporting a conviction by determining whether, in the light most favorable to the Government, there is substantial evidence in the record to support the conviction. Id. "Substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). Reversal on grounds of insufficient evidence is appropriate only in cases where the Government's failure to present substantial evidence is clear.

To obtain a drug conspiracy conviction, the Government must prove the following elements: (1) an agreement between two or more people to possess drugs with intent to distribute, (2) defendant's knowledge of the conspiracy, and (3) defendant's

2

knowing and voluntary participation in the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996). A drug conspiracy may be proved entirely by circumstantial evidence. Id. at 858. Moreover, the Government is not required to prove that the defendant knew all of the conspiracy's details or members. Green, 599 F.3d at 367. A drug conspiracy conviction requires only "a slight connection between a defendant and the conspiracy." Id.

While Sampson does not contest the existence of a conspiracy, he contends that the Government failed to present sufficient evidence of his participation in it because its only evidence was various wiretapped phone conversations between him and a known conspirator, which were not explicitly drug-related. Sampson also argues that various Government witnesses — including several of Sampson's alleged co-conspirators — had little or no knowledge of him, that he was never the subject of a search warrant, and that no drugs were ever found in his possession. The Government contends that the wiretapped phone calls and their content constitute substantial evidence of Sampson's knowing participation in a conspiracy, and therefore that sufficient evidence supports Sampson's conviction.

We conclude that the Government's evidence was sufficient to permit the jury to find beyond a reasonable doubt that Sampson was a knowing member of a conspiracy. The phone

3

conversations attributed to Sampson, while not explicitly drug-related, unmistakably suggest drug trafficking transactions. The conversations consisted of suspicious language, including code words such as "demonstration," "food caps," and "7s and 8s," which a government agent testified indicated a gun, heroin packaging material, and the quality of heroin on a scale of one to ten. Moreover, the wiretapped calls were placed from a phone found in Sampson's possession, and made to a line belonging to a known member of the conspiracy that he used exclusively for drug-related communications. While the Government did not present evidence that all of its witnesses knew and could identify Sampson, or that Sampson was the subject of a search warrant or was ever caught possessing heroin, it was not required to do so, in light of its other evidence. See Green, 599 F.3d at 367. From that evidence, a jury could reasonably find that Sampson knowingly participated in a conspiracy to distribute and possess with intent to distribute heroin. See id.

Accordingly, we affirm Sampson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

4